Theodore H. Schintz, Impleaded, etc.

*v.*

The People of the State of Illinois.

*Opinion filed February 17, 1899.*

1. Criminal law—*when motion to quash indictment is properly overruled.* A motion to quash an indictment charging larceny and embezzlement of the property of an administrator to collect and of the same person as administrator generally, on the ground that two distinct crimes are charged, is properly overruled, if the counts are in proper form, where the transactions constituting the conversions are so interwoven as to be inseparable.

2. Same—*time at which election must be made is in discretion of court.* Under an indictment charging larceny and embezzlement of property alleged to be in the administrator to collect and in the same person as administrator generally, it is not error for the court to defer an election as to the offenses until after the evidence is in and the argument for the State is closed, at which time the jury are instructed which counts to disregard.

3. Same—*what evidence competent on trial for larceny and embezzlement.* On the trial of an attorney for larceny and embezzlement of funds in charge of an administrator, it is competent to prove by a witness that the accused had turned over a note and mortgage belonging to the administrator's fund to satisfy a demand against the attorney for the proceeds of a note which he had collected for the witness and failed to account for.

4. Same—*effect of absence of judge during argument to jury.* The absence of the judge from the court room during argument for the defense is not reversible error if he is in an adjoining room, where he can overhear the argument and be ready to pass upon any possible objections; but such practice is not approved.

5. Trial—*when remarks by judge are not ground for reversal.* That the judge, before reading the instructions to the jury, said, "I am sorry that the instructions I am to read to you are so long. It is not the fault of either the counsel for the People, the counsel for the State or the court that they are so long. But I think it is a very foolish law that requires the matter and the manner of giving instructions," is not ground for reversal, nor do the remarks amount to an oral instruction to the jury.

6. Same—*court need not repeat same instruction for both parties.* An instruction correctly stating the law upon a particular proposition having been given, the court is not required to repeat it at the request of the opposite party.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. A. N. WATERMAN, Judge, presiding.

SCANLAN & MASTERS, for plaintiff in error.

EDWARD C. AKIN, Attorney General, (CHARLES S. DE-NEEN, State's Attorney, and HARRY OLSON, of counsel,) for the People.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This was an indictment against Theodore Schintz and Ernst Wedekind, containing fifteen counts, severally charging larceny, embezzlement, receiving stolen property and larceny as bailee. These crimes were alleged to have been committed as to the property of Charles Eckstein as administrator to collect, and Charles Eckstein as administrator generally of Franz Ertel, deceased.

The evidence shows Franz Ertel died in Chicago on August 18, 1896, leaving as his only heirs a brother, Dr. Vampill, residing in North Carolina, and a niece, whose residence was unknown. Plaintiff in error had for some years been the attorney of the deceased, who was an old man living alone. During his last illness certain of his neighbors called the attention of plaintiff in error to his condition, and he sent his co-defendant, Wedekind, who was in his employ, to Ertel's house. Wedekind made arrangements for caring for the latter, and after his death arranged for the funeral and also telegraphed the brother, who arrived in Chicago in time to attend the funeral. Ertel owned personal property, consisting of money and notes secured by mortgage, amounting to over $35,000. Charles Eckstein was appointed administrator to collect, and subsequently administrator generally, of the estate, and it is apparent that his selection as such administrator in both capacities was at the suggestion

and request of the plaintiff in error. The management and control of the estate was by the administrator confided to the plaintiff in error, with whom the moneys of the estate were deposited and who converted into money the securities. It is clearly shown that the administrator in both capacities confided the entire business to the plaintiff in error, and endorsed notes without examination, signed papers, etc., and was absolutely guided by, and submitted himself in the management of the estate to the control of, the plaintiff in error, in whom he evidently had entire confidence. The plaintiff in error had charge of the moneys of the estate and had converted into money a large amount of notes, amounting to several thousand dollars, which did not require the endorsement of the administrator. On October 26, 1896, the plaintiff in error, as attorney for the administrator, procured to be entered an order in the probate court of Cook county reciting and ordering that the inventory and appraisement of the administrator to collect be approved and stand as and for the inventory of the administrator, and further reciting that the said administrator then in open court admitted possession of all the property belonging to the estate, and ordering the administrator to collect be discharged. Before this order was entered the plaintiff in error had converted into money several thousand dollars in value of securities which did not require the administrator's endorsement. The plaintiff in error and Wedekind qualified as sureties on the bond of the administrator in both capacities, the former in $150,000 and the latter in $5000. The plaintiff in error made an assignment on July 19, 1897, and at that time was in possession of the money and proceeds of this estate, or had disposed of the greater part of the same, so that the estate was almost entirely lost.

On the indictment so found the defendants entered their motion to quash, insisting that in charging the property to be in Charles Eckstein administrator to col-

lect, and in Charles Eckstein administrator generally, there was repugnant pleading, two separate and distinct crimes being charged.  The court overruled the motion to quash, but held the proper practice would be an election by the State which phase of the indictment would be insisted on.  Evidence was introduced covering the period of service of the administrator to collect and from thence until the period of the assignment, and after the concluding argument of the State's attorney the court, of its own motion, instructed the jury to disregard the counts of the indictment charging crimes alleged as to Charles Eckstein administrator generally.  The trial resulted in a verdict of acquittal as to Wedekind and finding the plaintiff in error guilty of larceny, and that the value of the property stolen was $3844.14.  Motions for new trial and in arrest of judgment were overruled and the defendant was sentenced under the Indeterminate Sentence act.

Plaintiff in error contends that it was error to overrule the motion to quash the indictment, and each count thereof.  The offense charged was with reference to the property belonging to the estate of Franz Ertel, which the plaintiff in error wrongfully acquired and converted with a criminal intent.  The property was alleged to be in the administrator to collect and was also alleged to be in the administrator generally.  The transactions were so interwoven that they cannot well be separated.  The conversion of the several securities, if it could be claimed as constituting two offenses, yet formed a part of one entire transaction.  The rule as stated in *Goodhue* v. *People,* 94 Ill. 37, is (p. 51): "If two or more offenses form part of one transaction, and are such in nature that a defendant may be guilty of both, the prosecution will not, as a general rule, be put to an election, but may proceed under one indictment for the several offenses, though they be felonies.  The right of demanding an election and the limitation of the prosecution to one offense is confined

to charges which are actually distinct from each other and do not form parts of one and the same transaction. * * * In cases of felony it is the right of the accused, if he demand it, that he be not put upon trial at the same time for more than one offense, except in cases where the several offenses are respectively parts of the same transaction." Such being the rule in this State, unless the counts of the indictment are bad for form, where the several offenses are respectively parts of one and the same transaction it is not error to overrule the motion to quash. The court has the right to compel an election if two or more offenses are joined, to the prejudice of the prisoner on trial. This right of compelling an election is in the discretion of the trial court, and does not belong to absolute law but to discretion. (Bishop on Crim. Proc. sec. 454.) The time at which an election will be required to be made is not uniform. (Bishop on Crim. Proc. sec. 461.) Says a judge: "I may suffer the prosecution to go a little way with his evidence, then, at what he deems a proper time but before all is in, require the election to be made. Another method is to wait till the evidence is fully in and then compel the prosecution to point out the count on which he asks for a verdict. Another is to have the election made at the opening of the case, or if not, to hold the prosecutor to have elected the first transaction which his evidence tended to prove. Another method is to order the election after the evidence on the side of the government is in and before the prisoner is called on for his defense." The various methods in use are best determined by the trial judge, to be exercised with reference to the special facts of each particular case.

Under the facts in this case there was no error in not requiring an election at an earlier period in the trial than was done. Even if it be admitted that two distinct felonies are charged in the different counts of this indictment,—which we are not disposed to do,—it presents a different case from that of *Kotter* v. *People*, 150 Ill. 441,

where there could be no question that three different offenses against different individuals were charged.

It is urged there was error in the admission of evidence over the objection of plaintiff in error. One Anton Temple was called as a witness in behalf of the State and testified that he had a transaction with the plaintiff in error regarding a mortgage and trust deed and note; that he left with Schintz a mortgage in October, 1896; that the witness was going south, and directed Schintz to collect the note and mortgage, which was done, but the witness did not get the money; that subsequently a promise was made to turn over to witness a note for $2000, secured by mortgage made by one M. M. Keck, for which witness gave a receipt on June 8, 1897; that the conversations in reference to the Keck note and mortgage were with plaintiff in error and one Emil Schintz, who was in his employ. This evidence would have been improper but for the fact the Keck note and mortgage belonged to the Ertel estate. The entire transactions in reference to those notes were admissible, and the evidence was pertinent and competent. Any fact necessary to introduce or explain another which is in issue may be proven. Where necessary to show motive or intent, or to explain acts actually in issue, evidence tending to prove a distinct offense is sometimes admissible. *O'Brien* v. *Commonwealth*, 89 Ky. 354.

It was next insisted that error was committed because the trial judge was absent from the court room during the argument of the attorneys for the defense. There is nothing in the abstract to show such to be the fact. We have referred to the record, from which it appears that during the argument of the counsel who opened for the defense the judge left the court room and went to his chambers, a room adjacent to the court room, remaining there the greater portion of the time occupied by said counsel. The door was left open and the argument could there be plainly heard. At the conclusion of the argu-

ment of counsel who opened for the defense the judge
returned and the senior counsel began his argument for
the defense, and again the judge returned to his cham-
bers.    It is apparent the judge was at all times during
the argument for the defense immediately adjacent and
could hear the argument.    This case differs in a material
respect from *Thompson* v. *People*, 144 Ill. 378.    In that case
the judge could not, and as appeared from the record did
not, hear the argument, and during the closing argument
for the State in the latter case repeated objections were
made by the defendant and not passed on because of
the absence of the judge.    In this latter case it was said
(p. 381):  "Had the judge stepped out of the court room
into his private room for a short time, where he could
still hear the argument and where he would have been
in a position to pass upon any question which might prop-
erly arise in the argument, we are not prepared to say
that an error would have occurred."   The foregoing quo-
tation is applicable to the facts in this case.   The judge
was within hearing and no questions were raised to be
passed upon by the judge, and whilst not approving the
practice of a judge absenting himself from the court room,
we are not disposed to hold the facts here shown consti-
tute error.

It is next urged that error was committed on the trial
because of alleged improper remarks to the jury in the
closing argument of the State's attorney.   In his closing
argument to the jury the State's attorney used the fol-
lowing language: "Lawyer-like,—and there are four law-
yers on the other side, two in the actual service of the
trial and two of them defendants,—these lawyers have
instructions,—no doubt have a set of instructions,—and
let me tell you what that means.   In the United States
courts, and in the courts of some other States, the court
gives instructions to the jury orally, but here in this
State the court reads the instructions to the jury as
handed to him by both sides.

Mr. Scanlan: "We object to that language and ask to have the ruling of the court on that matter.

(Objection overruled, to which ruling of the court defendants, by their counsel, duly excepted.)

Mr. Olson: "They are very much scared. Well, gentlemen of the jury, there are principles of law meeting the approval of the court as law, and they must be read to the jury, otherwise, on appeal, there is error, and many will agree that if a certain set of facts are so it is so and so and is the law; and if I knew what the counsel for the defendant had handed to the court, and if I had an opportunity to meet it—

Mr. Scanlan: "I must object to that language and ask for the ruling of the court."

The objection was overruled, to which ruling the defendant, by his counsel, then and there duly excepted.

Some latitude must be allowed counsel in argument, and a careful consideration of the foregoing remarks does not convince us they were improper or prejudicial. Counsel cannot be required to dispense with wit, sarcasm or illustration in argument, and it is but in the last few years that questions of this character have been frequently brought before a court of review by exceptions. Whilst counsel must argue only questions within the record, yet where that is done, remarks within those limits cannot constitute error. The dead level of communism has no place among lawyers in practice, and resourcefulness, aptness and repartee ought not to be circumscribed within too narrow limits.

It is assigned as error that the court orally instructed the jury and made improper and injurious remarks to the jury with reference to the manner of giving instructions in this State. Before commencing to read the instructions to the jury the judge said: "I am sorry that the instructions I am to read to you are so long. It is not the fault of either the counsel for the People, the counsel for the State or the court that they are so long. But I

think it is a very foolish law that requires the matter and the manner of giving instructions." This was in no sense an instruction to the jury and could not have been so understood by that body. It was the expression of the individual view of the judge in opposition to a method of practice adopted by the General Assembly of the State. It had no place in the trial, was wholly unnecessary and was improper. It was a criticism on the law by one whose duty it was to enforce the law. It was, however honestly believed, expressed at an inappropriate and inopportune time. It cannot, however, be held to have prejudiced plaintiff in error, and we cannot hold it was error in law, however much we may regard it so in fact.

The defendants asked certain instructions defining the term "reasonable doubt," which were unobjectionable for form but which were refused, and their refusal is assigned as error. The court gave at the request of the People two instructions on this subject which fully and correctly defined the term. It is not necessary to repeat or duplicate instructions on this question. Where instructions are given correctly stating the law on a particular proposition, the court is not required to again correctly re-state that instruction at the request of the other side. The series of instructions are the charge of the judge to the jury, and having once correctly charged the jury on a proposition, that is sufficient, and it is not error to refuse to repeat or further charge on the proposition where the ground has been already covered.

Complaint is made that the court modified an instruction offered by the defendants which is as follows:

"The jury is instructed that it is incumbent upon the prosecution to prove every material allegation of the indictment as therein charged. Nothing is to be presumed or taken by implication against the defendants. The law presumes them innocent of the crime with which they are charged until they are proven guilty by competent evidence *beyond a reasonable doubt;* and if the evidence in

this case leaves upon the minds of the jury any reasonable doubt of the defendants' guilt, the law makes it your duty to acquit them."

The modification consisted in striking out the words in italics. This in no manner destroyed the force of the instruction and better expressed the rule of law. The modification was not error.

Defendants asked two instructions to the effect that if the administrator to collect endorsed or delivered certain promissory notes to the defendants merely for safe keeping, and the defendants believed, as honest and reasonable men, that it was intended to pass the title to this plaintiff in error, then the defendants would not be guilty of embezzlement or any other crime. These were refused, and their refusal is assigned as error. It is apparent the plaintiff in error, acting as attorney for the administrator and relied on by the latter, had all the knowledge as to the facts that the latter had. He also was more conversant with and better knew the law as to the duties and powers of the administrator. There was nothing in their relation, and nothing in their respective knowledge as to their respective duties, which could have superinduced the belief in the defendants of a right in them to convert to their own use. There was no fact or circumstance to induce such a belief on the part of the defendants. Had the administrator attempted to do so he could not have misled the defendants. They were not deceived or mistaken, and there is an absence of evidence to show they were. There was no evidence on which to base these instructions, and their refusal was not error.

Other instructions asked by the defendants and refused were properly refused for the same reason as those last mentioned.

Plaintiff in error assigns error in the giving of certain instructions by the court of its own motion. We have carefully examined these instructions and hold it was not error to give the same. It would unduly extend this

opinion and serve no good purpose to take them up and consider the same separately. We find no error in giving, modifying and refusing instructions.

We have considered the errors assigned on this record, and finding no error the judgment of the criminal court of Cook county is affirmed.                    *Judgment affirmed.*