EDWARD OUIDAS v. STATE OF MISSISSIPPI.

1. CRIMINAL PROCEDURE. *Suspension of trial. Hearing other matter.*

   Prejudice not being shown, a conviction of murder is not reversible because the court, pending the trial (the introduction of evidence being suspended by a necessary absence of the jury from the courtroom), heard for thirty minutes an application for a statutory reward for the arrest of another homicide, the jury returning and being present during a part of the time so consumed.

2. CRIMINAL LAW. *Evidence. Motive.*

   Evidence of illicit relations between the defendant in a murder case and the wife of the decedent is admissible, since it tends to show a motive for the killing.

3. SAME. *Facts of case.*

   Evidence examined and adjudged sufficient to maintain a conviction for murder.

FROM the circuit court, first district, of Panola county.

HON. Z. M. STEPHENS, Judge.

Appeal by Ouidas from a conviction of murder; the opinion of the court states the case.

*L. F. Rainwater*, for appellant.

The action of the court in suspending the hearing of this cause, and taking up and hearing to a conclusion another cause in the presence of the jury, was manifest error. It was a relinquishment *pro tempore* of the control of the court over the

case on trial, as much so as if the court had gone to another building or to another part of the district. The judge could not be said to have control and supervision of two causes on trial at the same time. If he could suspend the hearing of the cause on trial and take up another, consuming a half hour, might he not with equal propriety take up, hear and determine two, three or a dozen cases, and consume not only a half hour, but a day or a week? At what period of time must he desist, and where is the line to be drawn? The court must not lose control of a cause in a felony case, and the accused could not waive objection. *Turbeville* v. *State*, 56 Miss., 798; *Ellerbe* v. *State*, 75 Miss., 526. It would be impossible to tell what prejudicial effect the arguments and comments upon the testimony in the cause so heard had upon the jury, nor how many facts of the case were mixed up in the minds of the jury with the facts in the other case.

It was irrelevant to the issue and improper to prove illicit relationship between defendant and the wife of the deceased. It could have no bearing on the case except to unduly prejudice the defendant in the minds of the jury. *Mabry* v. *State*, 71 Miss., 722, 723.

The evidence in this case is wholly insufficient to support the verdict, and a new trial should be awarded, independent of other errors.

*Monroe McClurg*, attorney-general, for appellee.

There was not a moment of time when the circuit judge was not physically present in his seat upon the bench, ready to decide any question or to make any order. He was in full control of his court and the conduct of the trial, and there was no relinquishment of his authority in the slightest degree. None of the elements of *Turbeville's case*, 58 Miss., 798, or of *Ellerbe's case*, 75 Miss., 526, entered into the case at bar.

This court must assume that everything was done orderly and no harm done the appellant, in the absence of a showing

by him to the contrary. He claims that the attention of the jury was withdrawn by the investigation of the claim for a reward after the jury had heard a part of the testimony in this case. A reversal might as well be expected on the ground that the court, after going into the testimony, adjourned over Sunday and allowed the jury a whole day to think about other matters, or that the court suspended the trial for the coming in of the grand jury, or while a brass band or political procession was passing, and thereby the attention of the jury was withdrawn from the trial.

Bateman's case, 64 Miss., 233, and Story's case, 68 Miss., 609, are conclusive of the admissibility of the evidence showing illicit relations between defendant and the wife of the deceased. Mabry's case, 71 Miss., 722, is not in point.

The verdict is fairly supported by the testimony and is manifestly right.

TERRAL, J., delivered the opinion of the court.

The appellant was convicted in the circuit court of Panola county of the murder of Frank Wilson, and sentenced to the penitentiary for life. Upon the trial, when the first witness on the part of the state had been examined, the jury asked permission to retire from the courtroom, which was granted, and whilst the jury was absent, which was only for a few minutes, the court took up an application for the statutory reward for the arrest of one who had killed another and was fleeing before arrest, but in a case of homicide different from the one on trial. The consideration of this reward matter occupied some thirty minutes of the time of the court, and the jury having returned into the courtroom within a few minutes after retiring, remained there during the whole of the further consideration of the reward matter, when the trial of the defendant was resumed. The action of the court in hearing the application for the reward against the county, as hereinbefore stated, is made a ground of alleged error. During the trial a witness, Alex.

Wilson, gave evidence tending to show intimacy between the defendant and the wife of the deceased, and that is stated as a second ground of error. And a third ground of error is based upon the alleged insufficiency of the proof.

1. The contention that the court lost the control of the case by being occupied for thirty minutes in the consideration of an application for the statutory reward of $100 in another case of homicide, after the trial of the case of the defendant had been entered upon and before its conclusion, is quite technical in its character. There is no harm alleged to have come to the defendant, nor do we see how he could have suffered any harm thereby. There is nothing in the Turbeville case, 56 Miss., or in the Ellerbe case, 75 Miss., so far as we apprehend their import, that supports the contention here made. The jury, during the whole trial of this case, were under the eye of the court or of some officer of it, and the court in no sense lost control of the proceeding. It is asked if the suspension of a case on trial for thirty minutes does not devitalize the proceeding, what effect the suspension of the case on trial for a week, or the trial of a dozen cases during its submission, would have upon the proceeding? It will be sufficient to decide such a case when it comes before us. It is here sufficient to say that if the trial of the case on hearing should be suspended by the intervention of other matters to such an extent as to lessen its importance in the minds of the jury trying the case, or of impairing the due and orderly consideration of it by them, so as thereby to work an injustice to the accused, then such action would call for appropriate relief. Such a course on the part of a trial judge would be a misfortune to be lamented by every right-thinking citizen. But here the judge, while the jury were necessarily absent from the courtroom, entered upon the hearing of a matter that would usually occupy but a few minutes, and while, perhaps, he unexpectedly consumed in its hearing some half an hour, which might have been devoted to the case of the accused, yet no injury is shown to have been suffered by the defendant.

The reward matter being ended, the trial proceeded in due course of law, the jury being in the meantime kept strictly together under the eye of the court or of its officers, and with no exposure at any time to the hearing of anything prejudicial to the accused. It is our duty and pleasure to indulge the presumption that the learned judge did not in this matter prejudice the case of the defendant, and we must assume that no injury occurred therefrom. We see no ground of complaint by the defendant on this point.

2. The evidence given in by the state tending to show illicit relations between the defendant and the wife of the deceased was competent as evidence of a motive for the killing. A motive for the killing in case of homicide is always an element of the crime, and the evidence of it may be laid before the jury on the part of the state. Illicit relations between the defendant and the wife of the deceased was evidence of a motive for the killing of the deceased, and tended to prove the issue made before the jury. There was no error in its admission. *Story* v. *State*, 68 Miss., 609; *Webb* v. *State*, 73 Miss., 456.

3. In the third place it is said that there is no sufficient proof in the record that the killing of Wilson was intentionally done by the defendant. Wilson was killed about dusk at his own house. His dead body was found lying in his yard near the corner of his dwelling house, with his own pistol lying near by, empty of cartridges, and shown not to have been recently shot. A pistol wound in his head was the cause of his death. The defendant, or some one taken for him, was seen hovering in the vicinity of Wilson's house just before the killing. He appeared to be an intimate friend of the deceased, and they were much together, and he was often at the house of the deceased. He was also shown to have been late at night at the house of Wilson, and in his absence, in company with his wife alone, under circumstances of great suspicion of infidelity to his friend. Wilson's wife instantly, upon his death, at the request of the defendant, reported to her father in law, who resided

near by, that Frank had killed himself. At an inquest over the body of the deceased, held on the same night, the defendant had to be sent for, and, in the investigation then made, he denied all knowledge of the killing. His own pistol, readily produced by him, was found to have been recently shot, and he was detained for further developments. On the next day, on his way to prison, he acknowledged the killing of Wilson, but said it happened by accident and not by design. The guilt of the defendant was entirely a matter for the jury. His denial of the killing, his subornation of the wife of the deceased, and his liaison with her were circumstances, with others shown in evidence, which justified the jury in believing that he intentionally took the life of the deceased without a just cause or excuse therefor, wherefore the judgment and sentence of the circuit court is

*Affirmed.*