## KOVOLOFF v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. October 1, 1912.
Rehearing Denied October 29, 1912.)

### No. 1,845.

1. INDICTMENT AND INFORMATION (§ 71*)—CERTAINTY OF ALLEGATIONS.

The rule that the facts material to be charged in an indictment must be stated clearly and explicitly, and not left to intendment or reached by way of inference or argument, governs the requisites of an indictment for perjury.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 193, 194; Dec. Dig. § 71.*]

2. BANKRUPTCY (§ 494*)—FALSE OATH—INDICTMENT—REQUISITES.

Under Rev. St. § 1025 (U. S. Comp. St. 1901, p. 720), providing that no indictment shall be deemed insufficient for any defect in matter of form not prejudicing defendant, an indictment for perjury in violation of Bankruptcy Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), punishing the making of a false oath in any bankruptcy proceeding, which charges that defendant committed perjury when he swore that his books were burned on April 21, 1907; that instead of being burned on such date they were in existence, and in his possession up to November 7th following; and that he knew he was making a false oath when he swore they were burned in April, 1907—sufficiently traverses the sworn statement that the books were burned in April and the indictment is good.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 911; Dec. Dig. § 494.*]

3. BANKRUPTCY (§ 495*)—FALSE OATH—EVIDENCE—SUFFICIENCY.

Where accused testified in bankruptcy proceedings that his account books were burned on April 27, 1907, while it conclusively appeared that the books were not destroyed by fire in April, but were in his possession and control as late as a week and a half afterwards, and that during such week and a half his bookkeeper worked on them and delivered to accused statements therefrom, a conviction of accused for perjury in violation of Bankruptcy Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), punishing the making of a false oath in bankruptcy proceedings, was justified.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 912; Dec. Dig. § 495.*]

4. BANKRUPTCY (§ 494*)—FALSE OATH—INDICTMENT—ISSUES, PROOF, AND VARIANCE.

An indictment for perjury, which alleges that accused gave false testimony before the referee in bankruptcy, is sustained by evidence that the hearing at which accused testified was had in the referee's office, that the referee administered the oath to accused as a witness, and conducted personally a part of the examination, while a part was conducted by counsel, that all the testimony was taken by a stenographer, and that the referee was at all times in the same room, or in one of his suite of offices adjacent to the room, in the absence of anything to show that the referee was not within the hearing of the examination at all times, as against the objection that the perjury was not committed before the referee in person, based on the statement of the stenographer, deduced from signs in her notes, that the referee was out of the room part of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

time, but without any independent recollection on her part that such was the case.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 911; Dec. Dig. § 494.*]

Humphrey, District Judge, dissenting.

In Error to the District Court of the United States for the Northern District of Illinois; Kenesaw M. Landis, Judge.

Dan Kovoloff was convicted of perjury, and he brings error. Affirmed.

Plaintiff in error, hereinafter termed "defendant," was indicted on June 30, 1908, for violation of section 29b of the Bankruptcy Act of July 1, 1898, which reads in part as follows, viz.:

"A person shall be punished, by imprisonment for a period of not to exceed two years, upon conviction of the offense of having knowingly and fraudulently (1) concealed while a bankrupt, or after his discharge, from his trustee any of the property belonging to his estate in bankruptcy; or (2) made a false oath or account in, or relation to, any proceeding in bankruptcy."

The indictment contained three counts, in the first of which defendant was charged with having made a false oath in relation to a proceeding in bankruptcy, in willfully omitting from the statement of his assets at the date of filing the petition the proceeds of certain fire insurance policies aggregating $1,500. In the third count, he was charged with having concealed from his trustee $1,500 and certain books, silverware, cut glass, and household articles. On trial had, he was found not guilty as to both of these counts. The second count charged him with "unlawfully, wrongfully, willfully, knowingly, fraudulently, falsely, corruptly, and contrary to his said oath" deposing and swearing in response to an examination by Frank L. Wean, referee, pursuant to the bankruptcy act, etc., that "all of the books (that is to say, books of account) of him, the said Dan Kovoloff, had been burned up in a certain fire, in a certain building, at, to wit, 313 West Twelfth street," on the 21st day of April, 1907, in the city of Chicago, Ill., that being the defendant's office; and that defendant, on October 16, 1907, and on November 7, 1907, had no books of account, whereas in truth he did on both those dates have "in his possession and under his control the books of account of him, said Dan Kovoloff, which contained a record of the business transactions of him, said Dan Kovoloff, while engaged in business at, to wit, the said office at 313 West Twelfth street, in the city of Chicago"; and that, while being so examined, he well knew that the matters contained in his said statements as above set forth were not true, and that he did not believe them to be true, and that he knew the said statements were willfully, etc., false and untrue.

At the conclusion of the government's evidence, and again at the conclusion of all the evidence, defendant moved the court to take the case from the jury, which was denied.

The jury found the defendant guilty as to said second count. Motions for new trial and in arrest were made and overruled, and defendant was sentenced to be confined and imprisoned in the house of correction of the city of Chicago for and during a period of one year.

On the hearing, it was satisfactorily shown by the testimony of defendant's bookkeeper and another employé that the defendant's books of account, consisting of a ledger, a record book, journal, cashbook, daily book, and order book, were in defendant's possession to their knowledge, subsequent to the fire of April 21, 1907. The bookkeeper worked on them for a week and a half after the fire, struck off statements therefrom, and left them at defendant's house. The evidence entirely fails to account for the books subsequent to the time fixed by the bookkeeper at about 1½ weeks after the fire. It further appears from the evidence that the oath was administered by the referee to defendant as a witness in the examination before him on November 7, 1907, that he then swore that he had kept books of account, and that they were

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

all burned up in the said fire, and that the examination was made in part by the referee, and in his presence by counsel in the case.

Whether or not there is evidence to show that the referee was for a part of the time during said examination in another room in his suite of offices depends upon the weight to be given to the testimony of the stenographer, who, while she has no independent recollection upon the matter, infers from certain language in her report of the evidence that he was for some part of the time in such adjacent room, while the examination was carried on by counsel. It further appears that the examination was carried on in the office of the referee and was, for all that appears in the evidence, at all times within his hearing or control, and that no objection was made to such manner of procedure.

It further appears from the record that the defendant offered no evidence on the trial.

The errors assigned, in substance, are: (1) That said count two of the indictment does not state an offense against the statute; (2) that the evidence was insufficient to warrant a conviction.

Benjamin C. Bachrach and John F. Geeting, both of Chicago, Ill., for plaintiff in error.

James H. Wilkerson and Seward S. Shirer, both of Chicago, Ill., for the United States.

Before KOHLSAAT, and MACK, Circuit Judges, and HUMPHREY, District Judge.

KOHLSAAT, Circuit Judge (after stating the facts as above). [1, 2] The second count of the indictment, in substance, charges that defendant committed perjury in that: (1) He falsely swore before the referee that his account books were burned in the fire of April 21, 1907; and (2) that he had no books of account on October 19, 1907, and November 7, 1907, and by way of negation of these two allegations sets out that he did have such books of account on October 16, 1907, and on November 7, 1907.

There is in the count no direct traverse of the alleged false statement that the books were destroyed by fire on April 21, 1907, unless the charge that defendant had the books on the two later dates may be deemed such a traverse, or that the allegation in the indictment that he—

"well knew that the matters and things by him made oath to as hereinabove in this count set forth were not true, and that the said Dan Kovoloff, at the time and place above mentioned in this count of this indictment, did not believe the said matters and things by him testified to under oath, as aforesaid, to be true; that the testimony so given as aforesaid and so falsely sworn to and made oath by the said Dan Kovoloff, was willfully, fraudulently, and corruptly false and untrue as he, the said Dan Kovoloff, at the time of so making oath and swearing as aforesaid well knew"

—constituted a sufficient negation of that allegation. From the evidence, it appears that Kovoloff's statement as to the destruction of the books by the fire of April 21, 1907, was false, and that when last seen, a week and a half after the fire, the books were in his possession and control. It is laid down in Bartlett v. United States, 106 Fed. 884, 46 C. C. A. 19, that:

"The facts material to be charged in an indictment must be stated clearly and explicitly and must not be left to intendment or reached by way of inference or argument."

In Rosenfeld v. United States, 202 Fed. 469, handed down at this, April, session of the court, we have conceded the correctness of this rule of law with reference to an indictment charging perjury.

Does the present indictment state the material facts explicitly?

In U. S. v. Freed (C. C.) 179 Fed. 236, Judge Hand says:

"As to the failure to allege the actual facts and not merely that the defendants' testimony in the perjury indictments was false, and that they believed it to be false, there is doubtless authority for the rule which would make the indictments invalid. The practice in this district has been the other way, and on principle it is clear enough that the practice is right, for the requirement is of the allegation of evidence. If the practice is to be changed, the Circuit Court of Appeals [Second Circuit] must change it."

Section 1025 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 720) provides that:

"No indictment found and presented by a grand jury in any district or circuit or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding therein, be affected by reason of any defect or imperfection in the matter of form only, which shall not tend to the prejudice of the defendant."

In substance, the present presentment charges that defendant committed perjury when he swore that his books were burned on April 21, 1907; that instead of having been burned on said 21st day of April, 1907, they were in existence and in his possession up to November 7, 1907; and that he knew he was making a false oath when he swore they were burned in April, 1907.

The assignments of perjury, under the principle enunciated in Commonwealth v. McLaughlin, 122 Mass. 449, are in substance an explicit averment that defendant substantially testified that his books of account, which were sought for by his creditors, had been burned and were not in existence on April 21, 1907, whereas in truth and in fact they had not been consumed on that date, but had been in defendant's actual possession up to November 7, 1907. This constituted, we think, a direct traverse of the defendant's sworn statement that the books were destroyed by fire on April 21, 1907, and we hold the indictment in that behalf to be sufficient.

[3] From the record it conclusively appears that the account books were not destroyed in the fire of April, 1907; that they were in the possession and control of defendant as late as 1½ weeks after the fire; that, during the last-named period, defendant's bookkeeper worked upon them and took off and delivered to defendant statements therefrom; that the bookkeeper left them in defendant's possession. The question therefore is: Was this evidence sufficient to justify the jury in finding defendant guilty as to said first assignment of perjury? We are of the opinion that it was.

It thus becomes unnecessary to pass upon the second assignment of perjury.

[4] Defendant further contends that the hearing at which said acts of perjury were in the indictment charged to have been committed was not in fact had before the referee in person, but in his absence from the room. From the evidence it appears that the hearing was

had in the referee's office; that he swore the witness and personally conducted some of the examination; that the examination· was in part conducted by counsel, and all the evidence taken down in short-hand by a stenographer and written out in full; that the referee was at all times in the same room, or in one of his suite of offices adjacent to said room; that no objection was at the time made to the course pursued by the referee; that defendant was not in any way prejudiced thereby; that there is nothing in the record to show that the referee was not within hearing of said examination at all times; and that the examination was in the nature of a civil proceeding. Moreover, the only evidence in the record upon which to base the claim that the referee was not at all times present during said examination is that of the stenographer, who deduced from certain language or signs in her notes that the referee was out of the room part of the time. She had no independent recollection that such was the case.

The evidence sustains the allegations of the indictment that the examination was made by the referee, and effectually controverts defendant's contention that there is a variance between the indictment and the evidence, with reference to that matter. Schintz v. People, 178 Ill. 320, 52 N. E. 903; Nichols & Shepherd Co. v. Metzger, 43 Mo. App. 607; Murphy v. People, 19 Ill. App. 131; Ouidas v. State, 78 Miss. 622, 29 South. 525; Ermlick v. State (Miss.) 28 South. 847; Turbeville v. State, 56 Miss. 793, 799; State v. Smith, 49 Conn. 377; Pritchett v. State, 92 Ga. 65, 18 S. E. 536; Rowe v. People, 26 Colo. 542, 59 Pac. 57.

Affirmed

HUMPHREY, District Judge (dissenting). The finding in the second count that defendant on October 16th and November 7th had in his possession certain books of account is not a sufficient traverse of the words charged as perjury that the books had been burned on April 21st.

The sixth amendment to the Constitution gives the requirement for an indictment.

The clear and distinct negativing of the truth of a statement on which perjury is charged is a substantial and necessary part of an indictment. No indictment for perjury can be good without it.

Section 1025, Revised Statutes, cannot cure a defect which renders the indictment insufficient under the sixth amendment. As to this· section, Justice Harlan, speaking for the Supreme Court in Markham v. United States, 160 U. S. 319, 326, 16 Sup. Ct. 288, 291 (40 L. Ed. 441), said:

"It is not to be interpreted as dispensing with the requirement in section 5396 [U. S. Comp. St. 1901, p. 3655] that an indictment for perjury must set forth the substance of the offense charged. An indictment for perjury that does not set forth the substance of the offense will not authorize judgment upon a verdict of guilty."

See, also, Dunbar v. United States, 156 U. S. 192, 15 Sup. Ct. 325, 39 L. Ed. 390; United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135;

United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819; United States v. Pettus (C. C.) 84 Fed. 791; United States v. Cruikshank et al., 92 U. S. 557, 23 L. Ed. 588.