## In re GREER.

(District Court, W. D. Kentucky, at Paducah. January 29, 1918.)

1. BANKRUPTCY ⟨⟩51—ADJUDICATION—CONTEST.
    There is no way open to creditors to contest an adjudication in voluntary bankruptcy, except as the Bankruptcy Act gives it.

2. BANKRUPTCY ⟨⟩51—ADJUDICATION—EFFECT.
    An adjudication in bankruptcy is a caveat or notice to all the world, and creditors, if desiring to question the adjudication on the ground that it was induced by fraud, must act promptly, or their rights are lost, for the passage of the bankrupt's estate to the trustee will prevent a return to the status quo.

3. BANKRUPTCY ⟨⟩413(4)—DISCHARGE—OBJECTIONS—SPECIFICATIONS.
    Bankruptcy Act July 1, 1898. c. 541, § 14, 30 Stat. 550 (Comp. St. 1916, § 9598), declares that the application for discharge shall be granted, unless the bankrupt has committed an offense punishable by imprisonment, or has, with intent to conceal his true financial condition, destroyed or failed to keep books of account, or has obtained money or property upon credit by a materially false statement in writing, or has at a time subsequent to the first day of the four months immediately preceding the filing of the petition transferred, removed, etc., or concealed his property with intent to hinder, delay, or defraud his creditors, or in a voluntary proceeding has been granted a discharge within six years, or has refused to obey any lawful order, or to answer material questions. Section 29b, cl. 2 (section 9613), relating to offenses, declares that a person shall be punished by imprisonment for having made a false oath in, or in relation to, any proceeding in bankruptcy. One adjudicated a bankrupt in the Western district of Kentucky petitioned for discharge, whereupon a creditor filed a specification of objection, on the ground that the bankrupt was not a citizen of Kentucky, and was not at the time of the filing of his petition, and had not been for six months immediately preceding the filing of such petition, but was a citizen of Missouri, and had resided and voted there, prior to the filing of the petition in bankruptcy, and had also filed a petition in the District Court for the Eastern District of Missouri, describing himself as a citizen of Missouri. *Held*, that the specification of objection did not show that the bankrupt's principal place of business was not in Kentucky, and did not disclose that the bankrupt had been guilty of making false oath, but rather raised the inference that the bankrupt, being in doubt as to which court has jurisdiction, filed two petitions, it was insufficient, and discharge should be granted.

In Bankruptcy. In the matter of the bankruptcy of William A. Greer. On objection by E. W. Avey, creditor, to the bankrupt's petition for discharge. Objections overruled, and discharge granted.

E. T. Bullock, of Clinton, Ky., for creditor.
John R. Evans, of Clinton, Ky., for bankrupt.

WALTER EVANS, District Judge. The voluntary petition in this case was filed September 27, 1917, and the adjudication of bankruptcy was made on October 3d following. The trustee was seasonably elected and put in charge of the bankrupt's estate. On November 5th the bankrupt filed his petition for a discharge, and on December 4th an order was entered, setting it for hearing on January 12, 1918, upon which date all creditors were warned to show cause why the discharge thus

asked should not be granted. On that day E. W. Avey, a creditor, in writing specified a single objection to the discharge. It was in this language:

"The undersigned, E. W. Avey, one of the creditors of W. A. Greer, bankrupt, and who has proven his claim before E. W. Bagby, referee in bankruptcy, in Paducah, Ky., comes and objects to the granting of the discharge in bankruptcy for the following reasons: Because W. A. Greer is not a citizen of the state of Kentucky, and ,was not at the time of the filing of his petition in bankruptcy, and had not been for six months immediately preceding the filing of said petition, but was a, citizen of the state of Missouri, Scott county, and had resided there since 1915, and voted in Scott county, Missouri, at the general election in 1916, listed his property for taxation in 1916 and 1917 in Scott county, Missouri, and further that on the ·1st of January, 1918, the said W. A. Greer filed his petition to become a bankrupt in the District Court of the United States for the Eastern District of Missouri, at Cape Girardeau, Mo., where the same is now pending, and in which he declared himself to be a citizen of the state of Missouri. Wherefore E. W. Avey, as creditor of W. A. Greer, objects to the jurisdiction of the District Court of the United States for the Western District of Kentucky to grant to W. A. Greer a discharge from his debts as asked for in the petition for discharge, and which is set for hearing on the 12th day of January, 1918, before your honor."

In his petition for adjudication, which was sworn to and in all respects in proper form, the bankrupt stated:

"That he had his principal place of business, and has resided and has had his domicile for the greater portion of six months next immediately preceding the filing of this petition at Clinton, within said judicial district."

That petition, therefore, on its face clearly showed a case within the jurisdiction of the court under section 2, clause 1, of the act (Act July 1, 1898, c. 541, 30 ·Stat. 545 [Comp. St. 1916, § 9586]).

[1, 2] It was distinctly held by the Circuit Court of Appeals of this Circuit, in the Case of Ives, 113 Fed. 911, 51 C. C. A. 541, that there is no way open to creditors to contest an adjudication in a voluntary proceeding except as the act gives it. This ruling was followed by this court in the case of R. H. Pennington & Co. (D. C.) 228 Fed. 388, 35 Am. Bankr. Rep. 832, and we suppose, when the adjudication of bankruptcy was made on October 3d, the question of jurisdiction was finally adjudged, subject to allowable appellate proceedings, either by petition for a review under section 24 or appeal under section 25a of the act (Comp. St. 1916, §§ 9608, 9609). We say this because it may be conceivable that within a reasonable time a creditor might show grounds upon which an adjudication might be set aside, if there had been a fraud upon the jurisdiction of the court, and through this means or otherwise it might be that grounds for a review or for an appeal might be made available. Under the rule in Mueller v. Nugent, 184 U. S. 1, 14, 22 Sup. Ct. 269, 46 L. Ed. 405, the adjudication is a caveat or notice to all the world, and by that notice, it may be, that creditors, if they can act at all, are given their day in court and afforded the opportunity to make an effort to set aside the adjudication. This course, if available, might require that they should act promptly, as otherwise the title to the bankrupt's assets would have passed to the trustee, and the whole status might have been so radically changed as not to admit of disturbance. Section 70a (Comp. St. 1916, § 9654).

We conclude that the question of jurisdiction has not been raised in time.

[3] Besides, this case has reached the stage where the sole question is whether the bankrupt shall be discharged upon his petition for that relief filed November 5th. Section 14 of the act (Comp. St. 1916, § 9598) regulates and limits the proceedings at this stage, and in express terms requires that the court shall grant the discharge unless, first, the bankrupt had "committed an offense punishable by imprisonment"; or, second, had, with intent to conceal his true financial condition, destroyed or failed to keep books of account, from which knowledge of that condition might be obtained; or, third, had obtained money or property upon credit by a materially false statement in writing; or, fourth, had at a time subsequent to the first day of the four months immediately preceding the filing of the petition, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed any of his property with intent to hinder, delay, or defraud his creditors; or, fifth, in a voluntary proceeding, had been granted a discharge within six years; or, sixth, had refused to obey any lawful order made in his case, or to answer material questions approved by the court. Whether he has committed an offense punishable by imprisonment must be determined by the provisions of section 29 of the act (Comp. St. 1916, § 9613), only clause b(2) of which can have any bearing upon the question now before us. So far as applicable that clause is as follows:

"A person shall be punished, by imprisonment * * * upon conviction of the offense of having * * * * (2) made a false oath * * * in, or in relation to, any proceeding in bankruptcy."

In his specification of objection the creditor does not in any way state that the bankrupt had been convicted of such offense or had made a false oath to the statement in his petition in bankruptcy regarding his "principal place of business," or regarding his place of "residence" in the state of Kentucky. The creditor only says that the bankrupt was then a "citizen of Missouri," which alone is not material, as he says nothing about the bankrupt's "principal place of business," or his residence, etc., during the preceding six months. Nor does the creditor state that the bankrupt knew or believed his statements to be false, or that they were in any respect made corruptly or fraudulently. We incline to think that, fairly construed, the creditor's objection only shows that the bankrupt might have been in doubt as to what was his principal place of business or residence within the meaning of section 2 of the act, and that he therefore filed two petitions in bankruptcy, so as to be sure that one or the other was within the jurisdiction of the proper court. To be sufficient as an objection to the discharge we think the creditor's specification should have made such statements as, if true, would have shown that the bankrupt had committed an offense punishable by imprisonment by showing a case of willfully making a false oath, for, otherwise, there could not have been any punishment under section 29b. The specification, therefore, fails to show the existence of factors that would have been indispensable in an indictment for making a false oath. Daniels v. United States, 196 Fed. 459, 116

C. C. A. 233, 27 Am. Bankr. Rep. 790, Kovoloff v. United States, 202 Fed. 475, 120 C. C. A. 605, 28 Am. Bankr. Rep. 767, United States v. Lake (D. C.) 129 Fed. 499, 12 Am. Bankr. Rep. 271.

With the exception indicated, no other of the objections specified in section 14 as a bar to a bankrupt's discharge is raised by the creditor now objecting to that relief. The single objection made, besides not being appropriate, under section 14, to the present status of the case, comes too late, inasmuch as the question of jurisdiction must be regarded as res adjudicata so far as this mistimed attack upon it goes. Nothing, therefore, is open to the court, except, under section 14, to grant the discharge, and that will be done.

A decree accordingly will be entered.