## SHARRON v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 5, 1926.)

No. 259.

1. **Perjury ☞26(1)—Under statute, truth of matter wherein perjury is assigned need not be alleged in indictment (Rev. St. §§ 1025, 5396 [Comp. St. §§ 1691, 1687]).**

Under Rev. St. §§ 1025, 5396 (Comp. St. §§ 1691, 1687), it is not necessary in indictment for perjury to allege the truth of the matter wherein perjury is assigned.

2. **Perjury ☞32(8).**

In prosecution for perjury, truth of matter wherein perjury is assigned is admissible only as evidence in support of allegation of falsity.

3. **Perjury ☞33(1).**

Evidence held to sustain conviction for perjury in making false affidavit for purpose of securing release from jail without payment of fine.

Rogers, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Northern District of New York.

Arthur Sharron was convicted of perjury, and he brings error. Affirmed.

Writ of error to a judgment of conviction in the United States District Court for the Northern District of New York upon an indictment for perjury. The indictment was in substance as follows: That the defendant on a date named swore to an affidavit before a United States commissioner that he did not possess any property, real or personal, amounting to $20, and that he had no property in any way conveyed or concealed or disposed of for his future benefit; that this affidavit was made for the purpose of procuring the defendant's release under section 1042 of the Revised Statutes (Comp. St. § 1706) from the Broome county jail, and that upon taking it he was released from custody at the expiration of 30 days; that the statement which it contained was known by him to be untrue, and was untrue; that he did not believe it to be true, and that it was upon a material matter in a judicial proceeding before the said United States commissioner.

The facts were as follows: The District Court for the Northern District of New York on June 13, 1922, had sentenced the defendant to pay a fine of $750, or to stand committed in jail until the fine was paid. On June 7th he had in a Plattsburg bank a savings account of $555, on which he drew a check payable to his brother in the amount of $545, leaving only $10 to his credit. As the passbook had to be presented to withdraw the money, he delivered it along with the check to the brother, who kept it and did not cash the check. Before delivery, the defendant procured from the cashier of the bank an apparent debit to his account of the amount of the check, so that upon the book it appeared that the check had been paid. After taking the affidavit he was released under the statute, and procured from his brother a return of the check, so re-establishing the amount in his bank.

His explanation was that he had owed his brother the money, and on June 7th paid him in discharge of the debt; that the brother had had no immediate use for the money, and upon his own release he, being in need, had procured a new loan from him. The passbook showed a credit of $15 on July 1st, which would not have been due if the debit upon the bank had been real. The brother corroborated the defendant in his story.

The writ raises, first, the sufficiency of the indictment, because of the failure to allege the truth of the matters as to which the perjury was committed; second, the sufficiency of the proof; third, various supposed errors in the admission of testimony, which it is not necessary to set out.

John E. Judge, of Plattsburg, N. Y., for plaintiff in error.

Oliver D. Burden, of Syracuse, N. Y., for the United States.

Before ROGERS, HAND, and MACK, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1] The chief question is whether the indictment is good. At common law it was necessary, not only to allege as

11 F.(2d)—44

part of the "assignment of perjury," that the accused knew that the oath was false, and that in fact it was, but also what the truth was. Bartlett v. U. S., 106 F. 884, 46 C. C. A. 19 (C. C. A. 9); U. S. v. Pettus (C. C.) 84 F. 791. But the stringency of the law in relation to the crime has in some respects been moderated (R. S. § 5396 [Comp. St. § 1687]), and there seems to us no reason why, under R. S. § 1025 (Comp. St. § 1691), it should be any longer necessary to allege the truth.

[2] The elements of the crime are quite adequately set out without that allegation, which is strictly not relevant at all; the truth being admissible only as evidence of the allegation of falsity.

We agree that Bartlett v. U. S. held the opposite, but Markham v. U. S., 160 U. S. 319, 16 S. Ct. 288, 40 L. Ed. 441, is not to the contrary, and we think the matter still fairly open. In Kovoloff v. U. S., 202 F. 475, 120 C. C. A. 605, the Circuit Court of Appeals for the Seventh Circuit squarely held that no such allegation was necessary, accepting my own decision in U. S. v. Freed (C. C.) 179 F. 236, to which I adhered in U. S. v. Salen (D. C.) 216 F. 420. That Circuit Court of Appeals had the same question before it in Baskin v. U. S., 209 F. 741, 126 C. C. A. 464, but curiously enough avoided a decision, apparently forgetting Kovoloff v. U. S. The indictment there alleged that the accused knew to be true certain facts, the opposite of what he swore. This was treated as the equivalent of alleging the truth of the facts which the accused was alleged to have known. Yet there was no allegation of their truth. Perhaps the distinction is too fine, and in any event the case can hardly be treated as an authority.

Hardwick v. U. S., 257 F. 505, 168 C. C. A. 509 (C. C. A. 9) was like Baskin v. U. S., in alleging only that the accused knew facts inconsistent with his oath, without alleging what was the truth. In Gregorat v. U. S., 249 F. 470 (C. C. A. 5) 160 C. C. A. 428, there was no allegation of the truth and the court recognized that the indictment would have been bad at common law. It appears to be an authority for the rule we adopt. In Atkinson v. State, 133 Ark. 341, 202 S. W. 709, a statute like R. S. § 5396, was held to justify the allegation of falsity, without more. It would be tempting to say with Atkinson v. State that the clause in R. S. § 5396, was a warrant for this holding; we mean that portion which requires only a "proper averment to falsify the matter wherein the perjury is assigned." However, as this goes back to the statute of 23 Geo. II, c. 11, we can hardly take that course. Rather we prefer to rest our decision upon R. S. § 1025, especially in view of the present disposition of all courts to ignore formal defects which have no substantial relation to the merits of the controversy.

[3] On the merits the case is perfectly clear. How there can be any doubt of the defendant's guilt we cannot conceive. The proof from the checks and passbooks themselves, coupled with the oath and conviction to escape which the oath was taken, make a patent case of perjury, sufficiently corroborated under the modern rule that documents will serve for corroboration. Indeed, the old canonical necessity of two oaths has now very little life left. The silly explanation of the defendant and his brother deserved less consideration from the jury than it got.

The supposed errors in the conduct of the case are trivial; they would have been of no importance, had the defendant's guilt been less apparent, and in so plain a case they require no comment.

Judgment affirmed.

ROGERS, Circuit Judge, dissents, without opinion.