BARTLETT v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.  February 11, 1901.)

No. 617.

PERJURY—FALSE SCHEDULE IN BANKRUPTCY—INDICTMENT.

> An indictment charging the accused with having committed perjury by falsely omitting assets from his sworn schedule in bankruptcy, which alleges that he knew his schedule was false, and that he knew he was the owner of a specified sum of money in addition to what was mentioned in his schedule, is fatally defective, unless it also charges directly that he had other property than that described in his schedule.

In Error to the District Court of the United States for the District of Montana.

The plaintiff in error was found guilty of perjury under an indictment which charged him with making a false oath to a schedule which he, as a voluntary bankrupt, filed in bankruptcy. The indictment charged him with deposing that he had $168.90 in money, and that his schedule contained a statement of all his estate, both real and personal. It further charged that he then and there well knew that the schedule did not contain a statement of all his estate, both real and personal, in accordance with the acts of congress relating to bankruptcy; that he then and there well knew it was not true that the said schedule aforesaid contained a statement of all his estate, both real and personal, in accordance with the acts of congress relating to bankruptcy, but that he "then and there well knew that, in addition to the said estate so set forth as aforesaid in the schedule aforesaid, he was then and there the owner of the sum of five thousand dollars in money, the said money being lawful money of the United States, a more particular description of which said money is to the grand jurors aforesaid unknown." The plaintiff in error demurred to the indictment for the reason that the facts stated were insufficient to constitute a public offense, in that the indictment failed to state that the accused was the owner of the sum of $5,000 which was alleged to have been omitted from his schedule. One of the assignments of error is that the court overruled the demurrer.

McHatton & Cotter, for plaintiff in error.
William B. Rodgers, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Is the indictment fatally defective for the reason that it fails to allege directly that the accused, at the time of making his affidavit, had in fact other property than that which he deposed that he had? There can be no doubt that at common law it is absolutely necessary to an indictment for perjury to include direct and specific allegations negativing the truth of the alleged false testimony, together

with affirmative averments setting up the truth by way of antithesis. This requirement was not one of form merely, but was regarded as going to the essence of the indictment. It was considered necessary to make such "assignments of perjury" in order to inform the accused of the nature and cause of the accusation against him. Section 5396 of the Revised Statutes enacts the substance of the common-law rule in this regard by requiring that an indictment for perjury must set forth the substance of the offense charged, "together with the proper averment to falsify the matter wherein the perjury is assigned." Said the court in Markham v. U. S., 160 U. S. 319, 326, 16 Sup. Ct. 288, 40 L. Ed. 441: "An indictment for perjury that does not set forth the substance of the offense will not authorize judgment upon a verdict of guilty." The supreme court has repeatedly declared the rule to be universal "that every ingredient of which the offense is composed must be accurately and clearly expressed in the indictment or information, or the pleading will be held bad on demurrer." U. S. v. Mann, 95 U. S. 580, 24 L. Ed. 531; U. S. v. Carll, 105 U. S. 611, 26 L. Ed. 1135; U. S. v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588. An indictment which charges the accused with having committed perjury by falsely omitting from his schedule in bankruptcy certain of his property must not only allege that his deposition was false in that regard, but it must go further, and allege that he had other property, and describe the property so omitted; otherwise, it does not inform him of the offense with which he is charged, and does not contain proper averments to falsify the matter wherein the perjury is assigned. U. S. v. Pettus (C. C.) 84 Fed. 791; U. S. v. Morgan, Morris, 341.

The indictment in the present case does not directly charge that the accused had, at the time of making his affidavit, property other than that which was described in his schedule. It alleges that he knew that his affidavit was not true, and that he knew that he was the owner of the sum of $5,000 in addition to what was mentioned in his schedule. This is not an allegation that the accused owned $5,000 above what was mentioned in his schedule. It is contended that it is equivalent to such an allegation, because it may be reasoned that he had the money from the allegation that he knew he had it; or, in other words, that he could not have known he had it unless he had it. The facts material to be charged in an indictment must be stated clearly and explicitly, and must not be left to intendment, or reached by way of inference or argument. The indictment in this instance states no ultimate fact in regard to the ownership of the $5,000, or even as to its existence. It states only a condition of the mind of the accused, knowledge that he is said to have possessed. This is not sufficient. Harrison v. State (Tex. Cr. App.) 53 S. W. 863; Com. v. Still, 83 Ky. 275; Com. v. Porter (Ky.) 32 S. W. 138; Com. v. Weingartner (Ky.) 27 S. W. 815. In the case last cited the indictment charged the defendant with falsely deposing that one to whom he had let a house had, without his knowledge or consent, sublet the same; and that he well knew that he had authorized and consented to the subletting of said house. It was held that this was not tantamount to charging that the accused swore that his tenant had sublet the house

without his knowledge or consent. The court said: "In the case under consideration we may reach the conclusion by a process of reasoning, and only by such process, that to aver that the witness 'well knew' he had authorized and consented to the subletting is equivalent to the averment that he had authorized and consented to it; but it is not in fact a specific averment of the falsity of the matter on which the false swearing is assigned, and this is held to be necessary in all the cases." In Com. v. Porter it was charged that the defendant swore falsely that he did not see a certain person at a certain place, that he knew the testimony to be false, that the said person was at said time and place "in the presence and sight" of the defendant. It was held that this was insufficient, and that the indictment must aver that the defendant then and there actually saw the person. "Barker could have been in the presence of the accused," said the court, "and still not have been seen by him. He could have been in his sight,—that is to say, at a point where accused could have seen him had his eyes been cast in that direction,—and still not have been seen by him." We think the demurrer to the indictment should have been sustained. The judgment is reversed, and the cause remanded, with instructions to quash the indictment and discharge the plaintiff in error.