### UNITED STATES v. BAKER et al.

(District Court, D. Rhode Island. July 26, 1917.)

#### No. 153.

CONSPIRACY ☞43(5)—INDICTMENT AND INFORMATION—SUFFICIENCY—TIME—VIDELICET.

An indictment alleged that defendants conspired to make a false account of their assets and liabilities and to file it with the referee in bankruptcy after defendants had been adjudicated bankrupts on a creditors' petition, and that defendants did file on September 20, 1913, a debtor's schedule which they knew to be false. The period of the conspiracy laid in the indictment was "on, to wit, the first day of January, 1913, and on divers days and times between said first day of January, * * * and the 20th day of September, A. D. 1913." *Held,* that the indictment was insufficient, showing no overt act within the period of conspiracy; the positive averment as to the dates not being affected by the videlicet, to wit, the office of a videlicet or scilicet being to particularize that which was general before.

At Law. Robert Baker and Sam Baker were indicted for conspiracy to commit an offense against the United States. On demurrer to the indictment. Demurrer sustained.

Harvey A. Baker, U. S. Atty., of Providence, R. I.
Barney, Lee & McCanna, of Providence, R. I., for defendants.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BROWN, District Judge. This demurrer raises the question whether the indictment sufficiently charges a conspiracy to commit an offense against the United States.

The conspiracy as alleged is:

"To make a false account of the amount of their assets and liabilities, and to file the same with Nathan W. Littlefield, referee in bankruptcy in the district of Rhode Island, after said Robert Baker, * * * and Sam' Baker, * * * doing business under the firm name of Baker Brothers, in Woonsocket in said district, had been adjudged bankrupt on a creditors' petition filed against them."

It is alleged as an overt act that the defendants on, to wit, September 20, 1913—

"unlawfully, fraudulently, knowingly and feloniously did file with Nathan W. Littlefield, referee in bankruptcy, etc., a debtor's schedule, so called, * * * which said account said Robert Baker * * * and Sam Baker * * * knew well to be false."

The period of the conspiracy laid in the indictment is:

"On, to wit, the first day of January, A. D. 1913, and on divers days and times between said first day of January, A. D. 1913, and the twentieth day of September, A. D. 1913."

September 19th, therefore, is the last day of the alleged period of the conspiracy.

A single overt act is alleged; the filing "on, to wit, the twentieth day of September, A. D. 1913, of a 'debtor's schedule,' so called, * * * which said account said Robert Baker * * * and Sam Baker * * * knew well to be false."

The filing of the schedule is a matter of record in the court, and by record appears to have been made on September 20, 1913; i. e., on the day following the termination of the period of the conspiracy as alleged. This date is positively alleged in the indictment irrespective of the fact that it is preceded by the words "on, to wit." The office of a "videlicet" or "scilicet" is to particularize that which before was general. Clark's Criminal Procedure, p. 173; Chitty on Pleading (11th Am. Ed.) *317, note k. When used in this and other indictments without a preceding general allegation it has no effect; and the allegation of a date is as definite as if the preceding "to wit" were entirely omitted.

There is no allegation that the schedule filed was false, or to show wherein it was false; but merely the words "knew well to be false." This has been held insufficient. Bartlett v. U. S., 106 Fed. 884, 885, 46 C. C. A. 19; Boren v. U. S., 144 Fed. 801, 803, 75 C. C. A. 531. Unless it was false the filing of the schedule was not an overt act.

I am of the opinion that the indictment fails to allege the commission of any overt act during the period of the conspiracy. As this is fatal, it is unnecessary to discuss the sufficiency of the charge of conspiracy, though this is probably insufficient on account of the failure to set forth the elements of the offense defined in section 29b(2) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1916, § 9613]).

Demurrer sustained.