**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bernard G. DeCOITO and Francisco Tagalicod, Jr., Defendants-Appellants.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bernard G. DeCOITO,
Defendant-Appellant.**

**Nos. 84–1018, 84–1136.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 1985.

Decided June 27, 1985.

James W. Clute, Washington, D.C., for plaintiff-appellee.

Earle A. Partington, Paul Tomar, Honolulu, Hawaii, for defendants-appellants.

Before DUNIWAY, FARRIS, and BEEZER, Circuit Judges.

DUNIWAY, Circuit Judge:

DeCoito and Tagalicod appeal from their conviction of violating 18 U.S.C. § 241 (Conspiracy against the rights of one Scott Sabey), § 242 (Depriving Sabey of rights under color of law) and § 1623 (Making false declarations before a grand jury). We affirm.

## I. *Facts.*

Appellants DeCoito and Tagalicod are officers of the Honolulu Police Department. At their trial, Sabey and military police officer Brian Overling testified to the following: On the evening of November 21, 1980, Sabey ran his car into an MP, knocked him down and fled the scene. Around midnight he was arrested on a hit and run charge. He resisted arrest. After receiving traffic citations, he was released. Immediately thereafter, DeCoito and Tagalicod took Sabey into Tagalicod's car, handcuffed him, and drove him to an isolated area where they were joined by Overling. DeCoito and Tagalicod kicked Sabey, beat him, abused him, and threatened to kill him. Overling joined in the fun. DeCoito told Sabey that he would die if he told anyone about the incident, and told Overling "if you don't say anything to anybody nobody is going to get hurt...."

DeCoito and Tagalicod testified that they had nothing to do with the incident and presented evidence of an alibi. DeCoito offered to present five witnesses to testify that he had a mustache at the time of the incident, to impeach Sabey's testimony that he was clean-shaven; the district court allowed only one. The jury found DeCoito and Tagalicod guilty on all counts.

## II. *The Perjury Count.*

DeCoito and Tagalicod argue that their indictment for perjury was defective because it contained no statement of the truth, but merely stated that certain testimony was false. The indictment stated that "[i]t was material to the investigation for the grand jury to determine whether Scott Keoni Sabey was taken to an isolated area near the Waikiki Shell and unlawfully assaulted and beaten by defendants." It also alleged that defendants, while under oath before the Grand Jury "made false material declarations, underlined below, knowing the same to be false...."

Tagalicod:
"Q. Did you go out of the MP Station on the night of—the early morning hours of November 22nd, of 1980 and take a young man named Scott Sabey into custody and handcuff him? Did you do that?

A. *No, I did not.*

Q. Did you place him in your subsidized vehicle?

A. *No, I didn't.*

Q. Did you transport him to the area behind the Waikiki Shell?

A. *No, I did not.*

Q. Were you met there by Officer DeCoito?

A. *No.*

Q. And by an MP officer?

A. *No, I didn't.*

Q. Did you participate in the abuse of Mr. Sabey, while he was handcuffed?

A. *No, I did not.*"

DeCoito:
"Q. Did you, yourself, go to the area behind the Waikiki Shell during the early morning hours of November 22, 1980?

A. *No, I didn't.*

Q. Were you there in the presence of Mr. Sabey and did you abuse Mr. Sabey at that time?

A. *No, I didn't.*"

When the legal sufficiency of a perjury indictment is challenged, we must decide de novo "[t]he central question [ ] whether the jury could conclude 'beyond a reasonable doubt that the defendant understood the question as did the government and that, so understood, the defendant's answer was false.'" *United States v. Cowley*, 9 Cir., 1983, 720 F.2d 1037, 1040 n. 2, quoting *United States v. Matthews*, 9 Cir., 1978, 589 F.2d 442, 445.

In *Cowley*, we affirmed a perjury conviction on one count and overturned a perjury conviction on two other counts because the prosecutor's questions set out in the indictment were ambiguous. *Cowley, supra*, 720 F.2d at 1042–43. The perjury counts at issue here present no such ambiguity. As the district court noted, these counts "give the defendants clear notice of the nature of the alleged perjury;" moreover, "the defendants have not argued, nor could they, that the questions were subject to two plausible interpretations." We agree. It would have been superfluous for the indictments to include a separate paragraph restating those questions in the form of a truth averment. The jury could conclude beyond a reasonable doubt that De-Coito and Tagalicod understood the above questions as did the government and that, so understood, their answers were false.

In arguing that the perjury counts were fatally defective, appellants rely on *Bartlett v. United States*, 9 Cir., 1901, 106 F. 884, which held that "it is absolutely necessary" for an indictment to include "affirmative averments setting up the truth." *Id.* at 884–85. The statute at issue in *Bartlett*, Section 5396 of the Revised Statutes, enacted the common law rule which required that a perjury indictment contain "the proper averment to falsify the matter wherein the perjury is assigned." *Id.* at 885, citing § 5396.

*Bartlett* no longer states the law of this circuit. Section 5396, superseded by Rule 7 of the Federal Rules of Criminal Procedure 18 U.S.C. § 558 (1946 ed.) was repealed in 1948, 62 Stat. 862. Fed.R.Crim.P. 7(c)(1) states that the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.... It need not contain ... any other matter not necessary to such statement." Congress adopted this rule "to simplify existing procedure and to eliminate outmoded technicalities of centuries gone by," *United States v. Bickford*, 9 Cir., 1948, 168 F.2d 26, 27; *Bartlett* has not been subsequently cited by this court. Cases may arise in which, without an allegation of truth, the indictment will not be sufficient. This, however, is not such a case. Here, the perjury counts clearly meet the requirements of Fed.R.Crim.P. 7. The district court properly denied appellants' motion to dismiss them.

### III. *Magistrate's Report.*

On November 10, 1983, the United States Magistrate filed his report and recommendation on defendants' motions to dismiss the perjury indictment, recommending that the motions be denied on the ground that the indictments were legally sufficient. This report was accompanied by an order signed by the district judge stating:

After having carefully reviewed the record, the pleadings, and the memoranda of the parties in this case, I provisionally approve the Magistrate's Report and Recommendation.

If no objection is made within ten (10) days of receipt of this Order, the Magistrate's Report and Recommendation is adopted as the opinion and Order of this Court.

Appellants argue that the use of the magistrate to review the motion claiming insufficiency of the perjury counts violated 28 U.S.C. § 636(b)(1)(C) as well as Article III of the United States Constitution. These arguments are without merit.

28 U.S.C. § 636(b)(1)(C) provides:

the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Appellants say that the procedure here violated Section 636(b)(1)(C), because the dis-

trict judge received the magistrate's report before it was filed. Appellants also claim that this procedure violated Rule IV(B)(5)(a) of the Local Magistrate's Rules, which provides:

*Recommendation of the Magistrate.* After consideration of a matter designated under Magistrate Rule IV.B.1–4, either upon submission or after oral hearing, the magistrate shall make a report of proposed findings of fact and recommendations in writing for disposition thereof by a judge of the court. The recommendation shall be lodged with the clerk who shall forward a copy to each party forthwith.

■ These requirements were clearly satisfied in this case. Nothing in the record indicates that the district court received or signed the report before it was filed or before copies were sent to the parties. If he did, there would be no reversible error. Appellants' argument is pettifoggery.

■ Appellants argue that the district court assigned its decision-making function to a non-Article III judge. Nothing in the record even suggests that the district court did not exercise its own independent judgment. The court's procedure fully complied with statutory and constitutional requirements. *See United States v. Raddatz,* 1980, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424; *United States v. Bezold,* 9 Cir., 1985, 760 F.2d 999, at pp. 1001–1003 (1985); *Hinman v. McCarthy,* 9 Cir., 1982, 676 F.2d 343.

### IV. *Parkins' Testimony.*

Military Police Officer Parkins testified that, in the early morning after the incident occurred, Overling entered the police station and told him that DeCoito and another officer had abused Sabey. The district court admitted this testimony over defendants' objections as a prior consistent statement, an excited utterance, and a present sense impression.

■ We will not overturn such a ruling unless the court abused its discretion

and it is "more probable than not" that the error affected the verdict. *United States v. Soulard,* 9 Cir., 1984, 730 F.2d 1292, 1296, citing *United States v. Rohrer,* 9 Cir., 1983, 708 F.2d 429, 432. Fed.R.Evid. 801(d)(1)(B) provides:

A statement is not hearsay if ... [t]he declarant testifies at the trial ... and is subject to cross examination concerning the statement, and the statement is ... consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive ...

The statement was properly admitted.

■ Appellants argue that Rule 801(d)(1)(B) does not apply here because Overling's motive to falsify existed at the time he spoke to Parkins. A prior consistent statement is admissible to rehabilitate a witness only if made before the witness has a motive to fabricate. *United States v. Rohrer, supra,* 708 F.2d at 433. Appellants argue that Overling had a motivation to lie in order to avoid prosecution for his own involvement in assaulting Sabey. To whatever extent such a motivation may have arisen when Overling subsequently became aware of an official investigation, that motivation did not exist when he returned to the MP station, within a few hours after the incident took place, and said "You know, hey, did you guys hear what happened to Sabey...." The record indicates that Overling neither anticipated nor feared prosecution at that time.

### V. *Juror Access to Exhibits.*

At trial, the government presented prior written statements by Overling and Sabey which were essentially the same as their oral testimony. The district court admitted the statements, over defendants' objections, as prior consistent statements under Fed.R.Evid. 801(d)(1)(B). Appellants do not claim that this was error. They argue that the district court erred in permitting the jury to review these statements in its deliberation. The single case cited in appellants' brief to support its argument, *United States v. Ware,* 7 Cir., 1957, 247 F.2d

698, is inapposite here. The exhibit at issue in *Ware* was inadmissible hearsay and therefore not properly before the jury at all. *Id.* at 700.

Jurors are generally entitled to examine documents properly admitted in evidence; the decision to send such exhibits to the jury room during deliberation is within the discretion of the trial court. *United States v. Jackson,* 8 Cir., 1973, 477 F.2d 879, 880; *Dallago v. United States,* D.C.Cir., 1969, 427 F.2d 546, 553. The district court in the present case did not abuse its discretion.

### VI. *Surrebuttal Witnesses.*

The district court may control the scope of surrebuttal evidence and may refuse to allow cumulative testimony. *Geders v. United States,* 1976, 425 U.S. 80, 86–87, 96 S.Ct. 1330, 1334–1335, 47 L.Ed.2d 592; Fed.R.Evid. 403. The district court did not abuse its discretion.

AFFIRMED.

Fletcher, Circuit Judge, filed a concurring opinion.