**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mohammad TAGHIPOUR,**
**Defendant–Appellant.**

**No. 91–50386.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 1992.*

Decided May 15, 1992.

with a [sic] honest and good faith belief that he was not knowingly and willfully defrauding anyone.

Michael Garcia, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Lawrence H. Cho, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

Before BROWNING and FARRIS, Circuit Judges, MacBRIDE,** Senior District Judge.

PER CURIAM:

Mohammad Taghipour was convicted by a jury of one count of possession of heroin with intent to distribute and one count of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). He appeals the district court's decision to allow unredacted transcripts into evidence and into the jury room during deliberations, and the district court's decision not to compel the government to turn over two audio tapes. We affirm.

### I

On January 23, 1991, the government arrested Vahid Khabbazbashy after he tried to sell heroin to an undercover agent. Khabbazbashy was indicted for the sale. He agreed to cooperate with the government, acting as a confidential informant.

On the same day, Khabbazbashy told the government that Taghipour was dealing heroin. Acting for the DEA, the informant called Taghipour to arrange for a buy from him. Conversations between the informant, an undercover agent acting as a buyer, and Taghipour resulted in an agreement for a purchase of heroin.

The next day, January 24, the three parties again spoke by telephone and agreed to meet later that day to consummate the sale. The conversations between the informant, the agent, and the defendant, part in Farsi and part in English, were taped [Tapes N–5 and N–6]. As agreed, Taghipour delivered approximately 197 grams of heroin to the undercover agent. He was immediately arrested.

Prior to trial, the court ordered the government to reveal the following information concerning Khabbazbashy: aliases; deals with the prosecution; rap-sheet; reports of interviews with the government; and transcripts of any relevant audio tapes. The government handed over all of this information except two audio tapes which it argued were not relevant to Taghipour [Tapes N–1 and N–2]. The defendant objected to the withholding of this information. The government filed *in camera* a transcript of one of the tapes. The court ruled that the tape did not relate to the defendant or the transaction involved in the present case. The court listened with a translator to the other tape in question and again found that it was not relevant to this case. The court then denied the motion to compel discovery of these tapes, and ordered the government to submit a transcript of the tape under seal.

The tapes of the conversation between the informant, the agent and the defendant [Tapes N–5 and N–6] were played for the jury and entered into evidence. The jury was also given a transcript of the tape in which the Farsi was translated into English and the English was merely transcribed. Both parties stipulated as to the accuracy of the transcription and translation.

Taghipour requested that the English portion of the transcription be redacted. This request was denied.

During the playing of the tapes, a Farsi interpreter signaled when the pages should be turned. The jury was thus able to follow along as the tape was being played. The district judge allowed the jury to take the transcript into the jury room during deliberations. The judge instructed the jury that, for the portion of the tape that was in English, the tape was the evidence. For the portion of the tape in Farsi, the transcription was the evidence.

Defendant did not testify in his own defense, nor did either side call Khabbazbashy to testify. Defendant was convicted on April 2, 1991.

** Honorable Thomas J. MacBride, United States District Judge for the Eastern District of California, sitting by designation.

## II

Taghipour argues that the district judge erred in allowing the jury to use an unredacted transcript during trial and deliberations.

The district court's decision to allow the use of transcripts during trial is reviewed for abuse of discretion, *United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 824 (9th Cir.1985), as is the decision to allow exhibits into the jury room, *United States v. DeCoito*, 764 F.2d 690, 695 (9th Cir. 1985).

 This court has approved the use of transcripts during trial. In *United States v. Turner*, 528 F.2d 143 (9th Cir.1975), the court found no abuse of discretion where the trial judge allowed the jury to look at transcripts, which both sides stipulated were accurate, during the playing of an audio tape. *Id.* at 167. The judge cautioned the jury to resolve any inconsistencies between the tape and the transcript in favor of the tape, which was the evidence. *Id.*[1] Here, as in *Turner*, there is no question as to the accuracy of either the Farsi or the English. Indeed, Taghipour stipulated to the accuracy of the transcript. The district judge gave the sort of limiting instruction approved of in *Turner*. We therefore find no abuse of discretion in allowing the transcript to be used during trial.[2]

 This court has noted that "juries have been permitted to have copies of transcripts during deliberations in appropriate circumstances." *Turner*, 528 F.2d at 168.[3] Several other circuits have ruled that, where no issue as to accuracy is raised, it is not an abuse of discretion for a trial judge to allow the transcripts into the jury room. *See United States v. Ulerio*, 859 F.2d 1144, 1145 (2d Cir.1988) (where defendants con-

cede accuracy, there is no abuse of discretion in allowing translated transcripts into the jury room); *United States v. Rengifo*, 789 F.2d 975, 983 (1st Cir.1986) (same); *United States v. Costa*, 691 F.2d 1358, 1362–63 (11th Cir.1982) (even where transcript not formally entered into evidence, no abuse of discretion in allowing it into jury room where tape properly admitted, neither party questions accuracy, and jury instructed on use of transcript).

We agree with the reasoning of these other circuits. Since the appellant does not question the accuracy of the transcripts and makes no showing of any prejudice stemming from the use of the transcript during deliberations, the district judge did not abuse his discretion. *See Costa*, 691 F.2d at 1363 ("We have no way of knowing what use, if any, the jury made of the transcripts nor does Costa. Absent anything more specific than a presumption that the transcripts were used by the jury and a generalized claim that the jury must have been prejudiced, we find no error in the transcripts being in the jury room.").

## III

Taghipour next argues that the district court abused its discretion in not ordering discovery of audio tapes N–1 and N–2.

The scope of discovery is within the discretion of the district court and we review for an abuse of that discretion. *United States v. Williams*, 791 F.2d 1383, 1387 (9th Cir.1986).

 Taghipour argues that he was entitled to the tapes in order to prepare an effective cross-examination of Khabbazbashy. The government did not call Khabbazbashy as a witness. Thus, his credibility was not in issue.

---

**1.** This court has also approved the admission of transcripts even when the tape was not played for the jury, where there is no question as to the accuracy of the transcript. *United States v. Tornabene*, 687 F.2d 312, 317 (9th Cir.1982).

**2.** Taghipour also objects to the use of the Farsi translator to signal when the pages should be turned. Even if the English had been redacted, this procedure would have still have been neces-

sary in order for the jury to follow along in Farsi.

**3.** In *Turner*, we held that the judge had not abused his discretion in allowing the jury to rehear the tape, using the transcript as an aid, after submission of the case. *Id.* at 168. Here, the tape was not replayed, but the transcript was brought into the jury room.

Furthermore, the district judge found, after *in camera* review of the content of the tapes, that they did not relate to Taghipour or the instant offense. We have reviewed the transcripts of these tapes and find that the district court did not abuse its discretion in refusing to order discovery. *See United States v. Gonzalo Beltran*, 915 F.2d 487, 489 (9th Cir.1990) (appellate court reviews *in camera* transcript to determine whether district court abused its discretion); *United States v. Cutler*, 806 F.2d 933, 935 (9th Cir.1986) (government need not disclose information concerning unrelated investigation where other factors outweigh use to the defendant).

AFFIRMED.