990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arturo Zamora LAPENA, Defendant-Appellant.
 No. 92-10306.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 9, 1993.*
Decided March 22, 1993.
 
 Before CHOY, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arturo Lapena appeals his convictions and sentence for conspiracy in violation of 18 U.S.C. § 371, use of and traffic in stolen credit cards in violation of 18 U.S.C. § 1029(a)(2) and sale of stolen Treasury checks in violation of 18 U.S.C. § 510(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Lapena and two postal workers agreed to steal credit cards and Treasury checks from the mail and sell the contraband. At Lapena's direction and with the help of his friends, the conspirators also used the stolen cards to purchase goods.
 
 
 4
 Lapena located purchasers for the stolen cards and checks who turned out to be informants. Lapena arranged meetings, some of which were at his house and attended by his co-conspirators, to negotiate sales. The informants recorded many of these conversations, which were in Tagalog, a language of the Phillipines.
 
 
 5
 After some sales had occurred, Lapena's co-conspirators dealt directly with the informants. Lapena was unaware of this change and continued to negotiate with the informants before his arrest.
 
 II
 
 6
 Lapena argues the recordings and corresponding English transcripts should not have been admitted into evidence. We review these evidentiary rulings for abuse of discretion. United States v. Taghipour, 964 F.2d 908, 910 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 283 (1992).
 
 
 7
 Lapena maintains the government failed to lay a proper foundation for admission of this evidence. The translator explained how she identified the speakers and testified she accurately translated the audible portions of the recordings. The informants who participated in the conversations testified to the accuracy of the transcripts. This evidence is "sufficient to support a finding" that the recordings and transcripts were what the government claimed. Fed.R.Evid. 901(a).
 
 
 8
 Lapena contends that because the quality of the recordings did not permit complete transcripts, the available transcripts were unreliable. In light of the testimony on the accuracy of the transcripts, the district court did not abuse its "sound discretion" by finding the recordings and transcripts sufficiently trustworthy. United States v. Lane, 514 F.2d 22, 27 (9th Cir.1975).
 
 
 9
 The district court allowed the prosecutor and an informant to read portions of the transcripts to the jury. At breaks from the reading, the informant testified on the meaning of certain words and phrases. Lapena maintains this procedure was prejudicial because it did not reproduce the original dialogue's content, context, emphasis, timing or syntax.
 
 
 10
 Lapena cites no authority criticizing any aspect of this procedure, and the district court did not abuse its discretion by allowing it. Playing the Tagalog tapes would not have helped the jury understand the conversations. The court gave Lapena's attorney opportunities to participate in the reading and to include any portion of the transcript he desired. Finally, the informant's testimony helped the jury understand the meaning of the conversations.
 
 III
 
 11
 Lapena contends the district court's comments deprived him of a fair trial. A judge's participation warrants reversal only if the record shows actual bias or leaves a strong impression of advocacy. United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989).
 
 
 12
 We are left with the impression that the judge made this trial an unpleasant experience for both attorneys. None of the judge's interjections, however, showed partiality or prejudiced Lapena in any way. The judge repeatedly reminded the jury that they decide the facts. He further explained that his comments were intended to clarify the evidence and not to suggest a verdict.
 
 IV
 
 13
 Lapena contends the district court erred in responding to a question from the jury. Because Lapena agreed with the response, we review the issue for plain error. United States v. Kessi, 868 F.2d 1097, 1102-03 (9th Cir.1989).
 
 
 14
 The jury asked if Lapena could be guilty of conspiring to sell stolen Treasury checks even though he did not participate in the actual sales. The district court answered that Lapena would be guilty if the sales were in furtherance of the original conspiracy, but not if the sales were part of a "totally separate" conspiracy. The court clarified to Lapena's satisfaction that a separate conspiracy could have some connection to the original conspiracy. The answer was correct, and Lapena has shown no error.
 
 V
 
 15
 Lapena raises several sentencing matters. Factual findings are reviewed for clear error, and application of the Guidelines as well as the legality of a restitution order are reviewed de novo. United States v. Sanga, 967 F.2d 1332, 1334 (9th Cir.1992); United States v. Koenig, 952 F.2d 267, 271 (9th Cir.1991).
 
 
 16
 * Lapena argues the estimate of the intended loss from the conspiracy should not have been based on the credit limits of the stolen cards. U.S.S.G. § 2F1.1, comment. (nn. 7-8) (Nov. 1991). He suggests that $100 per card is the proper figure. At sentencing, however, Lapena did not contradict declarations stating that losses from a stolen card generally equal or exceed the card's credit limit. The district court did not clearly err by accepting the declarations.
 
 
 17
 Lapena also contends that Treasury checks stolen without his knowledge should not have been considered in estimating the loss. Lapena's co-conspirators stole the checks together with credit cards they delivered to Lapena. The district court found the check thefts were reasonably foreseeable by Lapena and furthered the conspiracy. The evidence supports this finding, and Lapena is accountable for the check thefts. U.S.S.G. § 1B1.3, comment. (n. 1).
 
 B
 
 18
 Lapena argues he was not a leader within the meaning of Guidelines § 3B1.1(c). He arranged meetings to further the conspiracy, recruited his friends to make purchases with the stolen credit cards and found buyers for the cards and checks. The district court correctly found that Lapena was a leader.
 
 
 19
 Lapena contends that basing his offense level on sections 2F1.1(b)(2)(A) (more than minimal planning) and 3B1.1(c) (leader) resulted in double counting. Lapena waived this objection by failing to raise it at the sentencing hearing. United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990), cert. denied, --- U.S. ----, 112 S.Ct. 442 (1991).
 
 C
 
 20
 Lapena maintains the district court should have found he accepted responsibility for his offenses. Only after conviction by trial did Lapena express remorse. The court considered Lapena's arguments and found no evidence that he had accepted responsibility. The court did not clearly err.
 
 D
 
 21
 Lapena contends the district court erred by ordering him to make restitution for credit card losses other than losses resulting from his personal use of the stolen cards. Lapena also argues the jury must find the amount of the losses.
 
 
 22
 Under a 1990 amendment, the district court may order Lapena to make restitution to all victims "directly harmed by [his] criminal conduct in the course of the ... conspiracy." 18 U.S.C. § 3663(a)(1), (2). This broad language covers the losses at issue. The court properly found the amount of those losses in fixing the amount of restitution. 18 U.S.C. § 3664(d).
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3