46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mor RODRIGUEZ-ZAMORA, Defendant-Appellant.
 No. 92-30389.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Nov. 4, 1993.
Decided: Feb. 3, 1995.
 
 1
 Before: REINHARDT, BRUNETTI, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Appellant Mor Rodriguez-Zamora appeals his conviction and sentence for conspiracy to possess and distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846. We affirm the district court.
 
 Sufficiency of the Evidence
 
 4
 Rodriguez-Zamora challenges the sufficiency of the evidence used to convict him of conspiracy to possess and distribute cocaine. Viewing the evidence in the light most favorable to the government, Jackson v. Virginia, 443 U.S. 307, 319 (1979), we agree with the district court that the prosecution presented sufficient evidence to sustain the jury's verdict.
 
 Ineffective Assistance of Counsel
 
 5
 Rodriguez-Zamora argues that his trial counsel provided ineffective assistance, pointing to several allegedly questionable decisions. However, "[t]he customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. Sec. 2255." United States v. Birges, 723 F.2d 666, 670 (9th Cir.), cert. denied, 466 U.S. 943 (1984). Rodriguez-Zamora presents no rationale for deviating from this custom.
 
 Wiretap Evidence
 
 6
 Rodriguez-Zamora also contends that the district court erred in allowing the jury to see transcripts of monitored conversations both at trial and during deliberations. We review the district court's decision for abuse of discretion. United States v. Taghipour, 964 F.2d 908, 910 (9th Cir.), cert. denied, 113 S. Ct. 283 (1992).
 
 
 7
 Since the vast majority of the monitored conversations were in Spanish, it was appropriate to allow the jury to consider transcripts of the tapes. Id. Rodriguez-Zamora argues that this court has approved the use of transcripts only where accuracy is undisputed, id., but he has never meaningfully contested the accuracy of the transcripts in question. The defense's alleged lack of opportunity to compare the tapes to the transcript does not constitute grounds for reversal. United States v. Booker, 952 F.2d 247, 250 (9th Cir. 1991). Moreover, the court gave the defense's requested jury instruction with respect to the transcripts. The district court did not abuse its discretion in allowing the jury to use the transcripts.
 
 
 8
 Appellant also adopts the argument of his co-appellant, Santiago Pena-Espinoza, regarding the inadmissibility of the testimony of "readers" employed by the government. Appellants contend that the district court erred in allowing these government witnesses to summarize transcript segments in their own words. However, counsel for Rodriguez-Zamora manifestly failed to preserve this objection.
 
 
 9
 As a result, we review for plain error only the district court's admission of this testimony with respect to Rodriguez-Zamora. United States v. Chambers, 918 F.2d 1455, 1458 (9th Cir. 1990). Plain error requires reversal "only when it appears necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir. 1986). On the basis of the record here, we find that reversal would be inappropriate.
 
 
 10
 "Organizer" Enhancement
 
 
 11
 Rodriguez-Zamora also challenges the district court's imposition of a two-level sentence enhancement pursuant to Sentencing Guidelines Sec. 3B1.1(c). The district court's factual finding that the defendant was an "organizer" of the criminal activity for purposes of Sec. 3B1.1(c) is reviewed for clear error only. United States v. Monroe, 943 F.2d 1007, 1019 (9th Cir. 1991), cert. denied, 112 S. Ct. 1585 (1992).
 
 
 12
 Evidence adduced at trial supported a belief that Rodriguez-Zamora participated in management of the drug trafficking ring of which he was a member. He was heard to help manage the ring's cash transfers as well as to order specific driving routes for the group's couriers. In light of this evidence, the district court did not clearly err in making this finding.
 
 
 13
 AFFIRMED.
 
 
 14
 United States v. Rodriguez-Zamora, No. 92-30389
 
 REINHARDT, Circuit Judge, dissenting:
 
 15
 For the reasons stated in my dissent in United States v. Pena-Espinoza, No. 92-30386, I would reverse the convictions.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3