**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Hugo Isaac CASTRO–VELASQUEZ,
Defendant—Appellant.**

No. 02–50283.

D.C. No. CR–01–03458–RMB.

United States Court of Appeals,
Ninth Circuit.

Submitted March 4, 2003.*

Decided March 7, 2003.

Before PREGERSON, THOMAS,
Circuit Judges, and JORGENSON,
District Judge.**

MEMORANDUM***

Hugo Isaac Castro Velasquez appeals his conviction for importation of marijuana and possession with intent to distribute on the grounds that the district court improperly allowed the jury to hear the Spanish translation of the examination questions. We affirm. Because the parties are familiar with the facts and procedural history, we will not recount them here.

We review a district court decision on the general use of interpreters for abuse of discretion. *See United States v. Mayans*, 17 F.3d 1174, 1179 (9th Cir.1994) (collecting cases). Castro Velasquez argues that different jurors may have received different information in his case because of dif-

fering language abilities, violating his due process rights under the Fifth Amendment and his Sixth Amendment right to an impartial jury. We disagree. District courts have considerable latitude in facilitating the jury's understanding of evidence in a foreign language. *United States v. Taghipour*, 964 F.2d 908, 910 (9th Cir.1992). Concerns about juror misinterpretation of another language or disparities across jurors in foreign language ability are inherently present whenever a non-English speaking defendant testifies, regardless of whether the court interpreter translates the questions for the jury. Given the circumstances of this case, the district court did not abuse its discretion in allowing the jurors to hear the questions posed by the interpreter to the witness.

Nor was Castro Velasquez prejudiced in any way by the district court's decision. The judge explicitly warned jurors to consider only the English translation before the defendant began to testify and later issued the standard Ninth Circuit jury instruction on translations. The court thus informed jurors that they were to consider only the English translation, that all jurors must consider the same evidence, and that they "must disregard any different meaning of the non-English words." "[W]e presume that jurors follow their instructions." *Payton v. Woodford*, 299 F.3d 815, 827 (9th Cir.2002). Castro Velasquez has not offered any specific showing of prejudice in response.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Cindy Jorgenson, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.